IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-656

Filed 16 April 2024

Mecklenburg County, No. 20CRS211069

STATE OF NORTH CAROLINA

v.

ROBERT LEE GRANT, III

Appeal by Defendant from judgment entered 28 November 2022 by Judge Eric L. Levinson in Mecklenburg County Superior Court. Heard in the Court of Appeals 7 February 2024.

> *Attorney General Joshua H. Stein, by Assistant Attorney General Ashton H. Roberts, for the State-Appellee.*

> *Stephen G. Driggers for Defendant-Appellant.*

COLLINS, Judge.

Defendant Robert Lee Grant, III, appeals from judgment entered upon a jury verdict of guilty of assault on a female. Defendant argues that the trial court prejudicially erred by overruling his objection to the State's improper comment made during closing argument on Defendant's decision not to testify and by failing to promptly instruct the jury to disregard the comment. After careful consideration, we find no prejudicial error.

## I.     Procedural Background

Defendant was indicted in Mecklenburg County Superior Court on 17 May 2021 for misdemeanor assault on a female, possession of firearm by felon, assault by pointing a gun, and assault by strangulation. Defendant's case came on for trial on 24 October 2022. During the trial, the State dismissed the charge of assault by pointing a gun. The jury found Defendant guilty of misdemeanor assault on a female and not guilty of possession of firearm by a felon and assault by strangulation. The trial court continued the judgment until 28 November 2022, when Defendant was sentenced to 150 days of imprisonment. Defendant gave proper notice of appeal in open court.

## II.     Discussion

Defendant argues that the trial court violated his federal and state constitutional rights against self-incrimination by overruling his objection to the State's improper comment made during closing argument on Defendant's decision not to testify and by failing to promptly instruct the jury to disregard the comment.

This Court reviews de novo a claim of constitutional error by the trial court. *State v. Thorne*, 173 N.C. App. 393, 396, 618 S.E.2d 790, 793 (2005). Under de novo review, "th[is] court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632-33, 669 S.E.2d 290, 294 (2008) (quotation marks and citations omitted).

A criminal defendant cannot be compelled to testify, and any reference by the

State regarding his failure to do so violates an accused's right under the Fifth Amendment of the United States Constitution to remain silent. *Griffin v. California*, 380 U.S. 609, 615 (1965) ("We . . . hold that the Fifth Amendment, in its . . . bearing on the States by reason of the Fourteenth Amendment, forbids . . . comment by the prosecution on the accused's silence[.]"). Likewise, the North Carolina Constitution states that a defendant in a criminal prosecution cannot "be compelled to give self-incriminating evidence." N.C. Const. art. I, § 23. Similarly, our North Carolina General Statutes provide that no person charged with commission of a crime shall be compelled to testify or "answer any question tending to criminate himself." N.C. Gen. Stat. § 8-54 (2023).

"[A] prosecution's argument which clearly suggests that a defendant has failed to testify is error." *State v. Reid*, 334 N.C. 551, 555, 434 S.E.2d 193, 196 (1993) (citation omitted). "That the prosecution's reference to defendant's failure to testify parroted the pattern jury instructions is of no relevance since [N.C. Gen. Stat.] § 8-54 prohibits the State 'from making *any* reference to or comment on defendant's failure to testify.'" *Id.* (quoting *State v. McCall*, 286 N.C. 472, 486, 212 S.E.2d 132, 141 (1975) (emphasis added in *Reid*)).

"When the State directly comments on a defendant's failure to testify, the improper comment is not cured by subsequent inclusion in the jury charge of an instruction on a defendant's right not to testify." *Id.* at 556, 434 S.E.2d at 197 (citations omitted). However, "the error may be cured by a withdrawal of the remark

or by a statement from the court that it was improper, followed by an instruction to the jury not to consider the failure of the accused to offer himself as a witness." *Id.* (quoting *McCall*, 286 N.C. at 487, 212 S.E.2d at 141).

Here, the following exchange occurred during the State's closing argument:

> [STATE]: Now, the defendant of course, it is his right not to testify, and you are not to hold that against him. But I also want you to think about the fact that the defendant chose to put on evidence. He didn't have to do that. He could have sat there and said the State hasn't proven their case and I don't need to do anything. But what did he choose to put up? More distractions, pictures of officers pointing at the defendant.
>
> [DEFENDANT]: Objection, Your Honor. This is unfair --
>
> THE COURT: What's the objection?
>
> [DEFENDANT]: -- unfairly going into whether he chose to take the stand, not take the stand, and put on evidence.
>
> THE COURT: Overruled, overruled.
>
> [STATE]: You can consider the evidence that the defendant put on. You cannot hold it against him, the fact that he did not testify. We do consider what they chose to put on. And it was just one distraction after another.

After the completion of the State's closing argument, the trial court dismissed the jury for lunch.

Upon return from lunch, but before the jury was brought back into the courtroom, Defendant moved for a mistrial, citing *Reid* and the trial court's failure to give a curative instruction following the State's improper comment. The State responded,

> I was very specific in my closing argument that the jury was not to hold it against the defendant, his decision not to testify. I believe I reiterated it twice. The State is allowed to comment on the defendant's evidence that they put forward. And I was very specific and very direct, that the defendant explicitly has the right not to testify. I said it twice. I ask that you deny defense's motion.

The trial court denied Defendant's motion but explained as follows:

> To the extent that the district attorney referenced in closing arguments anything related to the defendant not testifying, that in hindsight it would have been proper for me to sustain the objection and indicate to the jury at that time that no reference should be made t[o] the defendant's silence and that they're not to consider it in any way adversely and that it creates no presumption against the defendant. And I'll be giv[ing] them that instruction. The DA goes on after that and makes a comment about it -- it's not to be held against him, et cetera. But it is a comment in closing argument on the defendant's not testifying. Initially, when I overruled the objection, I was thinking that it was a passing bridge to what the DA was going to talk about in terms of what the defendant's counsel did present by way of evidence on his behalf. But in the moment, I overruled the objection. And in hindsight, it would've been proper for me to sustain the objection. It is a direct comment -- or it is a comment on the defendant[']s not testifying. . . . So the motion for a mistrial is denied. I'll be adjust[ing] my instruction to the jury.

The jury returned to the courtroom, and the trial court gave the following curative instruction:

> So, ladies and gentlemen, the defendant in this particular matter has not testified. The law gives the defendant this privilege. This same law also assures the defendant that this decision not to testify creates no presumption against the defendant; therefore, the silence of the defendant is not to influence your decision in any way. I will tell you

furthermore that during the closing argument, the district attorney made some reference to the defendant not testifying and some reference to it. It is not proper, ladies and gentlemen, for a lawyer to comment on the defendant's not testifying. And I will tell you in hindsight that it would have been proper for me to sustain the objection at the time and indicate at that time that the jury should not utilize that in any way against the defendant because it creates no presumption against the defendant. We discussed this during jury selection as well, be mindful that the defendant's privilege not to testify, he is shrouded with an assurance that the jurors will not utilize that against him during their later deliberations. Does this make sense to everyone, and if you understand my instruction, please raise your hand and let me know. Okay. The jurors have indicated so.

The State's very specific and very direct statement, reiterated twice, made during closing argument that the jury was not to hold Defendant's decision not to testify against Defendant, violated Defendant's federal constitutional, state constitutional, and state statutory rights. *Reid*, 334 N.C. at 555, 434 S.E.2d at 196. Furthermore, as the trial court admitted, the trial court erred by initially overruling Defendant's objection. However, unlike in *Reid*, the trial court here gave a robust curative instruction immediately after the jury returned from lunch. The trial court explained that the State's comment was improper, instructed the jury not to consider Defendant's decision not to testify, and polled the jury to ensure that each juror understood the trial court's instruction. The trial court's curative instruction was sufficient to cure the State's improper comment and the trial court's failure to sustain Defendant's objection.

## III.    Conclusion

The State's comments during closing argument on Defendant's decision not to testify violated Defendant's federal constitutional, state constitutional, and state statutory rights, and the trial court erred by initially overruling Defendant's objection.  However, the trial court's curative instruction to the jury cured the errors and any prejudice that may have resulted therefrom.

NO PREJUDICIAL ERROR.

Judges WOOD and GORE concur.